**FOX ROTHSCHILD LLP**
**Formed in the Commonwealth of Pennsylvania**
Jeffrey M. Pollock, Esq.
Michael W. Sabo, Esq.
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
Telephone: 609-844-3038
Facsimile: 609-896-1469
Email: jmpollock@foxrothschild.com
        msabo@foxrothschild.com
*Attorneys for Plaintiffs*
*Carl J. Mayer, Esq. and Mayer Law Group, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARL J. MAYER, ESQ., and MAYER LAW GROUP, LLC,<br><br>                                  Plaintiffs,<br><br>v.<br><br>DANIEL P. MAYER, JACQUELINE BURGER, ESQ., and FRANK M. GLASER, ESQ.,<br><br>                                  Defendants. | Civil Action No.: 3:23-civ-02272 (GC)/(JBD)<br><br>[FILED ELECTRONICALLY]<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Carl J. Mayer, Esq. ("Carl") and Mayer Law Group, LLC ("MLG") ("Plaintiffs"), through their attorneys, Fox Rothschild LLP, by way of First Amended Complaint against Defendants Daniel P. Mayer ("Daniel"), Jacqueline Burger, Esq. ("Jackie"), and Frank M. Glaser, Esq. ("Frank") (collectively, "Defendants") aver as follows:

**INTRODUCTION**

1.      This is an action seeking damages against Defendants based on their ongoing and relentless pattern and practice of defaming Plaintiffs to third parties, including but not limited to,

Carl's professional colleagues, the New Jersey legal community, business partners, friends, and family members.

2.      Plaintiff Carl J. Mayer has been admitted to practice law in the State of New Jersey since 1986. For more than twenty-five years, Carl has been the sole principal of MLG, which is based in Princeton, New Jersey. Carl and MLG engage in class action litigation, often on behalf of the elderly, children, consumers, taxpayers, and workers. Carl's firm has done a great deal of public interest work, and Carl has developed a strong professional reputation as an honest, hard-working, and honorable advocate for his clients.

3.      Defendants intentionally, willfully, negligently, and with actual malice have stated and continue to state to numerous third parties that Carl stole all his father's money and has denied family members access to his father. Defendants knew that these defamatory statements were false when made on March 31, 2022 and other subsequent dates, including on May 3, 2022, the week of May 18, 2022 through May 26, 2022, and June 24, 2022. The Superior Court of New Jersey Chancery Division – General Equity in Mercer County dismissed similar allegations against Carl by Defendant Daniel in June 2021 with prejudice. Defendants Jackie and Frank participated in that action in support of Daniel. *See In the Matter of Arno Mayer*, Mercer County Docket No. C-17-21. The Superior Court of New Jersey, Appellate Division dismissed an appeal of the Mercer County Superior Court's Order on December 21, 2021. No further appeal was taken. *See In the Matter of Arno Mayer*, Appellate Division Docket No. A-003692-20T4.

4.      The Princeton Police Department similarly found no evidence to support Daniel Mayer's false allegations of "elder abuse" and the indictable offense of endangering the welfare of the elderly or disabled under N.J.S.A. 2C:24-8. Defendants' complaints to the New Jersey

Division of Family Services and the Mercer County Board of Social Services were similarly never acted upon due to a lack of evidence.

5.    Since the Appellate Division dismissed the appeal and found no merit in their attacks upon Carl, Defendants have nonetheless persisted in making false and defamatory statements about Carl and MLG to numerous New Jersey third parties, including Carl's business partners, professional colleagues, friends, and family members, as well as current and former colleagues of Carl's father. Defendants' intentional and legally unsupported attacks are an ongoing pattern and practice of making false and defamatory statements of fact about Carl and MLG, including but not limited to, false statements that Carl has stolen all his father's money and denied family members access to Arno, are part of a relentless campaign of intentional and willfully malicious efforts to damage Carl's professional and personal reputation in New Jersey, and damages MLG's business, and to disrupt and destroy Carl's professional livelihood as a New Jersey attorney.

6.    Carl is a very successful trial lawyer who has litigated and prevailed against several of the largest corporations in the world on behalf of consumers, workers, senior citizens, and taxpayers. Carl has sued Verizon on behalf of overcharged New Jersey consumers. *See, e.g.*, *Enerson v. Verizon, New Jersey, Inc.*, BER-L-344-13 (Wilson J.) (involving multi-million-dollar class action settled on behalf of hundreds of thousands of Verizon customers double-charged in violation of New Jersey law and the court approving as cy pres payment one million dollars to New Jersey public interest groups). Carl has additionally sued the world's largest water utility, GDF Suez, for selling false warranties to minorities and inner-city New Jersey residents. *See Cortez et al. v. United Water New Jersey, Inc.*, BER-L-11374-10 (class action involving hundreds of thousands of inner-city residents sold phony warranties resulting in multi-million-dollar

settlement approved by the court); *see also Huh, et al. v. United Water Corp., et al.*, Civ. A. No. 1:16-cv-03240 (S.D.N.Y. 2016). Carl's firm has worked with or had as clients the Sierra Club, the Animal Legal Defense Fund, the Humane Society, The National Organization for Women, Friends of the Earth, Demand Progress, Revolution Truth, and the Tenth Amendment Center.

7.     Carl and MLG's sustained professional success as a New Jersey attorney depends on his personal and professional reputation for honesty and trustworthiness. Specifically, Carl's practice (MLG) depends heavily upon referrals from other lawyers—and those lawyers will not refer future matters to Carl if his reputation continues to be tarnished by false accusations, which the courts have already rejected.  Carl and MLG's sustained professional successes also depend upon referrals from clients and the public as well. These referrals and working relationships with Carl are based on trust. Defendants' negligent, reckless, intentional, and willfully malicious defamatory statements directed to the New Jersey community regarding Carl's honesty and honor have damaged Plaintiffs and will continue to irreparably damage Carl's professional and personal reputation in New Jersey, harming his business and ability to practice law throughout New Jersey.

## **THE PARTIES**

8.     Plaintiff Carl J. Mayer, Esq., is a New Jersey licensed attorney and individual residing at 58 Battle Road, Princeton, New Jersey 08540-4902. Carl is a domiciliary, resident and citizen of New Jersey.

9.     Plaintiff Mayer Law Group LLC is a New Jersey limited liability company with a principal place of business at 174 Nassau Street, Suite 414, Princeton, New Jersey 08542-7005. Plaintiff Carl J. Mayer, Esq. is the sole manager/member of Mayer Law Group LLC. Mayer Law Group LLC is a domiciliary, resident and citizen of New Jersey. Mayer Law Group LLC also has offices in New York and Virginia.

10.    Defendant Daniel P. Mayer is an individual residing at 61 Morse Road, Newton, Massachusetts 02460-2454. Daniel is a domiciliary, resident and citizen of Massachusetts.

11.    Defendant Jacqueline "Jackie" Burger, Esq. is an individual residing at 438 Third Street, Apt. 2, Brooklyn, New York 11215-2592. Jackie is a domiciliary, resident and citizen of New York.

12.    Defendant Frank M. Glaser, Esq., is an individual residing at 438 Third Street, Apt. 2, Brooklyn, New York 11215-2592. Frank is a domiciliary, resident and citizen of New York.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), in that there is complete diversity of citizenship because the parties are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

14.    This Court has personal jurisdiction over Defendant Daniel P. Mayer because Daniel has purposely availed himself of this forum, and directed tortious conduct related to Carl and MLG into New Jersey by defaming Carl in New Jersey. Defendant's unlawful conduct has affected Plaintiffs as New Jersey residents and New Jersey interests.

15.    This Court has personal jurisdiction over Defendants Jackie and Frank because they have purposefully availed themselves of this forum. Among other things, they have directed tortious conduct that affected New Jersey residents and entities—including Carl and MLG—and New Jersey interests. Jurisdiction over Defendants complies with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

16.    Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and (b)(3), because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

### *Carl Mayer's Successful Career as a New Jersey Class Action Attorney*

17.    Carl J. Mayer, Esq., graduated from the University of Chicago Law School (Law Review) and Harvard Law School following the completion of his undergraduate studies at Princeton University, in Princeton, New Jersey. Carl graduated *magna cum laude* from Princeton University. Carl is the sole principal of MLG, a New Jersey limited liability company with a principal place of business at 174 Nassau Street, Suite 414, Princeton, New Jersey 08542-7005 with offices in New York and Virginia.

18.    Carl and MLG are well-known in the New Jersey class action legal community. They have served as advocates and class action counsel on behalf of consumers, workers, senior citizens, and taxpayers throughout New Jersey and beyond. Carl and MLG have recovered tens of millions of dollars on behalf of thousands of class members defrauded by unlawful or deceptive corporate practices.

19.    Carl and MLG have a long and notable history of success as a public interest and plaintiff's class action attorney representing the most vulnerable of New Jersey residents. Carl's firm successfully sued the utility company United Water, which serves nearly half the population of Bergen and Hudson Counties, for offering false service plans to New Jersey residents. *See Jose Cortez, et al. v. United Water New Jersey Inc., et al.*, Bergen County Docket No. BER-L-11374-10 (Wilson, J. 2010) (multi-million dollar settlement approved by court and paid to class). Carl's firm has vindicated the rights of senior citizens in decade-long class action litigation against

assisted-living facilities that overbill their customers. *See Desimone v. Springpoint Senior Living, Inc.*, Middlesex County Docket No. L-4958-13 (Viscomi, J. 2013) (class certified and upheld on appeal).

### *Carl has Developed a National Reputation as a Staunch Pubic Interest Advocate*

20.    Carl served as co-lead counsel to plaintiffs that included, among others, the Pulitzer Prize-winning reporter Chris Hedges, Pentagon Papers whistleblower Daniel Ellsberg, Noam Chomsky, and Iceland's former foreign minister and current member of parliament, Birgitta Jónsdóttir in civil rights litigation challenging the constitutionality of indefinite detention. *See Hedges v. Obama*, 724 F.3d 170 (2d Cir. 2013). Carl has also served as special counsel to the United States Senate Special Committee on Investigations, as well as special counsel to the New York State Attorney General. Carl has developed a national reputation as a staunch public interest advocate.[1]

21.    Carl's professional reputation is essential to his successful class action practice in New Jersey. The plaintiff's class action bar in New Jersey represents a close-knit and unique practice group among New Jersey attorneys. Carl is one of only approximately 25 major plaintiff's class action attorneys across the state of New Jersey. The cultivation over many years of close professional relationships grounded in trust and positive reputation among practitioners in this specialized, niche practice group has been essential to Carl's sustained professional success. Whether through providing trusted service to colleagues' professional referrals or serving directly alongside them as reliable co-counsel, Carl's success in the relatively small New Jersey plaintiff's class action bar is highly dependent on continued community trust, good will, and professional reputation.

---

[1] *See* https://en.wikipedia.org/wiki/Carl_J._Mayer.

*Daniel Mayer's Meritless Prior Litigation Regarding Carl's Care for His Father Arno*

22.     Plaintiff Carl and Defendant Daniel are brothers. Their father, Arno Mayer ("Arno"), is the Dayton-Stockton Professor of History, *Emeritus* at Princeton University, located in Princeton, New Jersey. Arno is presently 97 years old and is a decorated veteran of World War II, recently having received the Elie Wiesel Award from the U.S. Holocaust Memorial Museum in 2022 from U.S. General Mark Milley, the current chairman of the Joint Chiefs of Staff.[2]

23.     In 2006, Arno designated Carl as his sole Health Care Representative pursuant to New Jersey law.

24.     Carl moved back to Princeton, New Jersey in 2008 in part to keep an eye on his elderly father. Since then, Carl has spent over $3.5 million of his own money assisting his father, including by finding and paying for an apartment in Princeton, New Jersey and securing and paying for an in-home health aides allowing his father to continue to live independently and by ensuring that his father receives exemplary plenary medical care as necessary. Carl has further signed as guarantor for at least $1.5 million of additional health care services for his father.

25.     Daniel lives in Massachusetts but has visited his father in New Jersey only one time per year over the past thirty-five years. Daniel has not contributed financially to his father's medical care or apartment in New Jersey or contributed financially in any way to his father, a fact Daniel never denied during the course of the litigation pursued by Daniel against his elderly father Arno and brother Carl that was dismissed with prejudice.

26.     In January 2021, Arno suffered a fall and fractured his hip in his Princeton, New Jersey apartment. Carl worked tirelessly to advocate for his father to receive the best possible care

---

[2]     *See*     https://paw.princeton.edu/article/emeritus-professor-arno-mayer-honored-holocaust-museum.

locally in New Jersey. Arno recovered well following surgery and returned to his Princeton, New Jersey apartment shortly thereafter in January 2021.

27.     In February 2021, Daniel filed a complaint in the Superior Court of New Jersey Chancery Division – General Equity in Mercer County regarding Carl's care of Arno. The lawsuit was brought not only against Carl but against Arno—who was then 94 years old. Daniel's lawsuit sought to strip Arno of his legal and constitutional rights by voiding Arno's health proxy and seizing control of Arno's finances.

28.     Daniel alleged, in part, that Carl exploited Arno by taking financial advantage of him, including by stealing tens of thousands of dollars of Arno's money, and by denying Arno's family members, including Daniel and cousins Jackie and Frank, access to Arno. Daniel's statements that Carl stole money from Arno and isolated Arno were false when made. *See In the Matter of Arno Mayer*, Mercer County Docket No. C-17-21 (the "Chancery Action"). As part of the Chancery Action, Daniel, Jackie, and Frank submitted false certifications purporting to support these false allegations. In response, Carl submitted multiple certifications and exhibits demonstrating the falsity of these allegations.

29.     On June 3, 2021, the Chancery Action was dismissed with prejudice by the Honorable Robert Lougy, P.J.Ch. The Superior Court of New Jersey, Appellate Division dismissed an appeal of this order on December 21, 2021. No further appeal was taken. In defending this action against him brought by his own son Daniel, Arno accrued legal bills requiring him to spend more than one-third of his annual disposable income, which was a significant financial hardship. The court in the Chancery Action also denied a frivolous motion by Daniel asking the court to compel Arno (then 94 years old) to pay Daniel's legal fees, estimated to be $250,000.

***Defendants Make Knowing False and Defamatory Statements About Carl to Princeton, New Jersey-Based Individuals on March 31, 2022 After the Appellate Division Dismissed the Chancery Action Appeal.***

30.   Defendants have been aware at least since the Appellate Division's December 21, 2021 Order that allegations that Carl has stolen Arno's money and denied family members access to Arno are false.

31.   Despite this knowledge, Defendants intentionally, willfully, negligently, and with actual malice have repeatedly stated and written after December 21, 2021 that Carl stole all of Arno's money and has denied family members access to Arno to numerous third parties, a significant escalation in their long-standing campaign to harass Carl and damage his personal and professional reputation in New Jersey. These third parties have included active business partners, professional colleagues, friends, and family members of Carl. Defendants also defamed Carl by falsely stating that he isolated Arno, a crime under N.J.S.A. 2C:24-8 (endangering the welfare of the elderly or disabled).

32.   In or about Spring 2022, a dispute arose between Arno and his landlord, Mr. Jack Morrison, regarding the conditions of Arno's rented apartment located at 55 Witherspoon Street, Apt. 305, Princeton, New Jersey 08540.

33.   On March 31, 2022, Defendants Daniel, Jackie, and Frank contacted Mr. Morrison and his attorney, Mr. Robert F. Casey, Esq., of the Lenox Law Firm, located at 136 Franklin Corner Road, Lawrenceville, New Jersey 08648. Mr. Morrison and Mr. Casey were located in Princeton, New Jersey when Defendants reached out to them.

34.   During this March 31, 2022 discussion with Mr. Morrison and Mr. Casey, Daniel falsely stated to Mr. Morrison and Mr. Casey that Arno Mayer was unable to pay his rent for the Princeton, New Jersey apartment because "Carl stole **all** of Arno's money." Defendants Jackie and

Frank repeated these same false and defamatory statements to Mr. Morrison and Mr. Casey, Esq. on March 31, 2022 while Mr. Morrison and Mr. Casey, Esq. were in Princeton, New Jersey. Defendants' false statements were expressed verbally and in writing.

35.     Defendants, with actual malice, knowingly and willfully made false and defamatory statements that Carl has stolen all his elderly father's money on March 31, 2022 to multiple third parties located in Princeton, New Jersey, including Mr. Casey, Esq., an attorney practicing in the tight-knit Princeton, New Jersey legal community.

36.     Later, on March 31, 2022, Mr. Christopher M. Placitella, Esq. a prominent New Jersey class action attorney, whom Carl and his law firm MLG regularly work with on litigation efforts in New Jersey and beyond valued in the millions of dollars, contacted Mr. Morrison and Mr. Casey in Princeton, New Jersey regarding the Princeton, New Jersey apartment dispute between Arno and Mr. Morrison. Mr. Casey and Mr. Morrison informed Mr. Placitella of Defendants' March 31, 2022 defamatory statements regarding Carl's stealing all of Arno's money and Carl's denial of access to his father. Mr. Placitella subsequently informed Carl of the Defendants' defamatory statements on April 1, 2022.

37.     Carl, MLG and Mr. Placitella (including his firm Cohen, Placitella and Roth) are currently co-counsel on a decade-long class action case with anticipated legal fees estimated to be $220,000,000 in the case *Desimone v. Springpoint Senior Living, Inc.*, Docket No. MID-L-4958-13 (2013) (Viscomi, J. 2013).[3] Since Mr. Placitella relayed Defendants' comments to Carl on April 1, 2022, Carl has had less contact with Mr. Placitella and other New Jersey class action attorneys

---

[3] To date, the *Desimone* plaintiffs have won several "benchmark" motions, including winning  a motion for class certification. Defendants have not successfully appealed the class certification order by the trial court. Securing class certification virtually assures that the case will be resolved (and settled) and that the class and Plaintiffs (including class counsel) will be paid.

than at any other point in Carl's 37-year professional career. Since Defendants made their defamatory statements, MLG has also suffered a loss in gross income.

38.     As a result of Defendants' false and defamatory statements, Carl has suffered personal and reputational harm in New Jersey, including the loss of current and prospective business opportunities.

***Defendants Continue to Make False and Defamatory Statements About Carl from April 1, 2022 to the Present.***

39.     Following Defendants' March 31, 2022 false and defamatory statements directed to Princeton, New Jersey individuals, Defendants have continued to make similar false and defamatory statements verbally, including by telephone conversation, and in writing, including by email, to third parties with ties to New Jersey, including Carl's professional colleagues, friends, and family members, as well as Arno's present and former colleagues, students, and friends.

40.     On May 3, 2022, Daniel made false and defamatory statements that Carl had blocked all relatives from visiting Arno to Carl's spouse, Karen Stephanie Mayer (formerly Karen Stephanie Zemble) and other third-parties. In the May 3, 2022 email sent to Carl, his wife, and to several third-parties, Daniel falsely stated that Carl "blocked [Arno's] access to me, his sister, and my kids." In the May 3, 2022 email, Daniel accuses Carl of manipulating Arno, a crime under N.J.S.A. 2C:24-8 (endangering the welfare of the elderly or disabled).[4] The May 3, 2022 email repeated and related back to Daniel's prior false statements on or about March 31, 2022 that accused Carl of stealing his father Arno's money and blocking all access to Arno.

41.     Upon information and belief, Daniel's May 3, 2022 was the result of Daniel learning about the award General Milley, Chairman of the Joint Chiefs of Staff, presented to Arno.

---

[4] Judge Lougy's opinion dismissing Daniel's claims with prejudice repeatedly noted that no party disputed Arno's capacity or claimed he was incapacitated.

The award presented to Arno had no monetary component. The defamatory May 3, 2022 email was the latest effort in his campaign to defame Carl. During this time, Daniel continued to harass Carl and his wife, including monitoring Karen Mayer's Facebook account.

42.     In a May 4, 2022 email response sent to multiple third-parties, Michele Burger also falsely accused Carl of embezzling his father Arno's money. Michele falsely stated that "I can't help but wonder if there was some financial reward that accompanied the award and if you're embezzling that too." Repeating Daniel's false statements, Michele also accused Carl of "manipulat[ing] and abus[ing] Arno." These comments also constitute defamation *per se* as tantamount to accusing Carl of violating N.J.S.A. 2C:24-8 (prohibiting endangering the welfare of the elderly and abuse of the elderly.)

43.     Daniel's May 3, 2022 email, and Michele's May 4, 2022 email falsely accusing Carl of manipulating and abusing Arno are directly belied by the May 2, 2022 private reception held in Arno's honor by General Milley. At the reception—hardly "manipulation" or "abuse"— General Milley called Arno a "real hero" and rewarded him with an extraordinary evening. Arno also received handwritten congratulations on his service from Supreme Court Justice Elena Kagan and Princeton University President Eisgruber. General Milley personally deployed the Third Infantry, the military arm that escorts dignitaries and presidents, to escort Arno at the event. As the below pictures demonstrate, Arno was alert and engaged with all attendees during the event.

44.     Instead of celebrating Arno's achievements, Michele and Defendants invested enormous time and energy defaming Carl and propagating false claims about his care of Arno.





45.     Michele and Defendants have continued to refer to and repeat their false statements

that Carl has committed crimes, embezzled money, and stolen Arno's money to numerous third

parties, including Carl's wife Karen Mayer. On or about August 10, 2022, Karen Mayer was again informed of Michele's defamatory statements that Carl was embezzling money from Arno.[5]

46.    During the week of May 18, 2022 to May 26, 2022, Defendants made related false and defamatory statements that Carl had stolen all of Arno's money and denied family members access to Arno to attorney David Felsenthal, Esq., a partner in the New York office of Clifford Chance, LLP, one of the largest law firms in the world. Prior to Defendants' contact with Mr. Felsenthal, Esq., Carl had enjoyed a decades-long relationship with Mr. Felsenthal extending back to their college days at Princeton University, in Princeton, New Jersey.

47.    During the week of May 18, 2022 to May 26, 2022, Defendants made related false made false and defamatory statements that Carl had stolen all of Arno's money and denied family members all access to Arno to attorney Jason Brown, Esq., a partner in the New York office of Cohen & Gresser, an international law firm with offices in New York, Paris, London, and Washington, D.C. Prior to Defendants' contact with Mr. Brown, Esq., Carl had enjoyed a decades-long relationship with Mr. Brown extending back to their college days at Princeton University, in Princeton, New Jersey.

48.    Through another of Carl's friends, it has become clear to Carl that all of the above-named individuals believe the false and defamatory statements of the Defendants. Carl has not had further contact with any of these life-long friends since Defendants made the false and defamatory statements.

49.    Defendant Frank repeatedly and falsely stated multiple times during the week of May 18, 2022 to May 26, 2022 that Carl had cut off all access to Arno for his sister, Ruth Burger.

---

[5] Defendants have never produced any evidence to support their unfounded claims against Carl, and the only written evidence adduced in the Chancery Action revealed that Arno himself did not want to see Daniel due to Daniel's frivolous litigation and outrageous conduct.

This statement was false because Carl established specific visitation protocols for all of Arno's family and friends in consultation with Arno's primary physician and friend, Dr. Sean Naini, and with counsel and medical staff for Humana/SeniorBridge—a Fortune 500 Company that provided health care to Professor Mayer at his apartment. Arno's visitor log also disproves Defendants' false claims that Carl denied and blocked Defendants' access to Arno.

50.    During the week of May 18, 2022 through May 26, 2022, Daniel made related false and defamatory statements that Carl had stolen all of Arno's money and denied family members access to Arno to Dr. Sean Naini, Arno's personal physician and friend of 25 years. Dr. Naini resides at 181 Witherspoon Street, Princeton, New Jersey 08540.

51.    During the week of June 24, 2022, Daniel made related false and defamatory statements that Carl had stolen all of Arno's money and Carl prevented all of Arno's relatives from visiting Arno to Arno's longtime assistant, Pamela Long. Ms. Long resides at 15 Palmer Square, Princeton, New Jersey 08540. Daniel's comments restated the defamatory allegations he made in an email from to Pamela on March 24, 2022, in which he falsely stated that Carl prevented all of their relatives from visiting Arno and that Carl continued to embezzle from Arno.

52.    Carl suffered a loss of income as a result of Defendants' unlawful conduct.

53.    MLG also suffered a loss of approximately thirty (30) to sixty (60) percent in reported gross revenue year over year as a result of Defendants' unlawful conduct.

54.    As a direct and proximate result of Defendants' false and defamatory statements directed to Princeton, New Jersey residents and New Jersey-affiliated individuals, Plaintiffs have suffered, and continue to suffer, damages in New Jersey.

## COUNT I
### *Defamation - Against All Defendants*

55.    Plaintiffs incorporate by reference the contents of the preceding paragraphs as if fully set forth herein.

56.    Plaintiff Carl J. Mayer is a non-public figure.

57.    Defendants Daniel, Jackie, and Frank made knowing statements of a false and defamatory nature regarding Plaintiff Carl Mayer and his business.

58.    Defendants made verbal and written statements to Mr. Casey on March 31, 2022 that Carl stole all of Arno's money and Carl denied all family members and friends access and visitation to Arno. Mr. Placitella subsequently informed Carl of the Defendants' defamatory statements on April 1, 2022.

59.    On May 3, 2022, Daniel made related false and defamatory statements that Carl had blocked Arno's access to Daniel and his family to Carl's spouse, Karen Stephanie Mayer (formerly Karen Stephanie Zemble) and other third-parties. In the May 3, 2022 email, Daniel falsely stated that Carl "blocked [Arno's] access to me, his sister, and my kids."

60.    During the week of May 18, 2022 to May 26, 2022, Defendants made related false and defamatory statements that Carl had stolen all of Arno's money and denied family members access to Arno to attorney David Felsenthal, Esq., a partner in the New York office of Clifford Chance, LLP, one of the largest law firms in the world.

61.    During the week of May 18, 2022 to May 26, 2022, Defendants made related false made false and defamatory statements that Carl had stolen all of Arno's money and denied family members all access to Arno to attorney Jason Brown, Esq., a partner in the New York office of Cohen & Gresser, an international law firm with offices in New York, Paris, London, and Washington, D.C.

62.     Defendant Frank repeatedly and falsely stated multiple times during the week of May 18, 2022 to May 26, 2022 that Carl had "cut off all access to Arno for his sister, Ruth Burger."

63.     During the week of May 18, 2022 through May 26, 2022, Daniel made related false and defamatory statements that Carl had stolen all of Arno's money and denied family members access to Arno to Dr. Sean Naini, Arno's personal physician and friend of 25 years.

64.     During the week of June 24, 2022 Daniel made related false and defamatory statements that Carl had stolen all of Arno's money and Carl prevented any of Arno's relatives from visiting Arno to Arno's longtime assistant, Pamela Long. Ms. Long resides at 15 Palmer Square, Princeton, New Jersey 08540. These false comments restated the related defamatory allegations made in an email from Daniel to Pamela on March 24, 2022, where Daniel falsely stated that Carl prevented all relatives from visiting Arno by Carl and that Carl continued to embezzle from Arno.

65.     Defendants' statements are defamatory because the false statements impute to Plaintiff Carl a criminal offense involving moral turpitude that, if the allegations were true, would subject Plaintiff to indictment and criminal punishment.

66.     Defendants' statements were made with actual malice knowing they were false or made so recklessly as to amount to a willful disregard for the truth.

67.     Defendants published and disseminated these false claims through verbal and written statements and representations to Princeton, New Jersey third parties and in the presence of third persons, either by intention or by negligence, or with reasonable ground to suppose that it will become known to others. *Gnapinsky v. Goldyn*, 23 N.J. 243 (N.J. 1957).

68.     Defendants' false statements that Plaintiff Carl stole all of Arno's money qualify as defamation *per se* because the statements tend to harm his reputation in the community and deter

third persons from associating or dealing with him and MLG. *Biondi v. Nassimos*, 300 N.J. Super. 148 (App. Div. 1997).

69.     Defendants' statements also qualify as defamation *per se* because the false statements that Plaintiff Carl stole all of Arno's money constitute the accusation of a crime and/or misfeasance in business. *W.J.A. v. D.A.*, 210 N.J. 229 (N.J. 2012).

70.     Defendants' statements also qualify as defamation *per se* because the false statements that Carl isolated and "blocked" all access to Arno constitutes a crime under N.J.S.A. 2C:24-8, endangering the welfare of the elderly or disabled. The false accusation that a person committed a crime is defamation *per se*.

71.     Said statements and similar statements by Defendants were calculated to, and did, injure Plaintiff Carl Mayer's reputation and MLG's business.

72.     Said false and defamatory statements by Defendants maliciously published to third parties have harmed Carl's ongoing business relationships in New Jersey, including jeopardizing a 35% stake in a decade-long class action case with anticipated legal fees estimated to be $220,000,000.

73.     Defendants' false statements do not qualify for any privilege or immunity.

74.     Defendants are liable to Plaintiff Carl Mayer for said damage to his reputation, standing in the community, and his business.

75.     Carl and MLG also suffered approximately thirty (30) to sixty (60) percent loss of reported gross revenue year over year because of Defendants' unlawful conduct.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for:

    a.  Compensatory and consequential damages of at least $77,000,000;
    b.  Statutory and punitive damages;
    c.  Attorney's fees;
    d.  Prejudgment interest;

    e.  Costs of suit; and
    f.  Any other relief the Court deems just and equitable.

### COUNT II
### *Trade Libel - Against All Defendants*

76.     Plaintiffs incorporate by reference the contents of the preceding paragraphs as if fully set forth herein.

77.     Defendants' published false statements regarding Plaintiff's honesty and character are directly related to Plaintiff's product, his business as a New Jersey attorney, and the services he offers as an attorney.

78.     Defendants, individually and collectively, made verbal and written statements to third parties on March 31, 2022, May 3, 2022, the week of May 18 through May 26, 2022 and continuing through today that Plaintiff Carl Mayer stole all his father's money. Defendants' statements damaged and continue to damage Plaintiff Carl Mayer's business reputation, property, and attorney product in the community.

79.     Defendants' statements qualify as trade libel because the false statements that Plaintiff Carl stole all of Arno's money constitutes the accusation of misfeasance in business. As Carl is the only member/manager of MLG, falsely accusing Carl of theft and other financial crimes is tantamount to accusing his firm MLG of theft and criminal conduct.

80.     Defendants' statements were made with actual malice knowing they were false or made so recklessly as to amount to a willful disregard for the truth.

81.     Defendant's false statements regarding Plaintiff's honesty and character were designed to prevent others from dealing with Carl and MLG and to interfere with Carl's relations in the practice of law and with others in the legal community.

82.     Said false statements by Defendants published with actual malice to third parties have harmed Carl's ongoing business relationships in New Jersey, including jeopardizing a 35% stake in a decade-long class action case with anticipated legal fees estimated to be $220,000,000.

83.     As a result, Plaintiffs have suffered, and continue to suffer, damages.

84.     Defendants are liable to Plaintiff Carl Mayer for said damage to his reputation and business.

85.     MLG suffered special damages (i.e. pecuniary harm), including a loss of approximately thirty (30) to sixty (60) percent in reported gross revenue year over year as a result of Defendants' unlawful conduct. These damages resulted in a general diminution in Plaintiffs' business and were the natural and direct result of Defendants' false statements and publications.

**WHEREFORE**, Plaintiffs demand judgment for the following relief against Defendants for:

    a.  Compensatory and consequential damages of at least $77,000,000;
    b.  Statutory and punitive damages;
    c.  Attorney's fees;
    d.  Prejudgment interest;
    e.  Costs of suit; and
    f.  Any other relief the Court deems just and equitable.

<u>**COUNT III**</u>
*Tortious Interference with Prospective Economic Advantage and Contractual Relations - Against All Defendants*

86.     Plaintiffs incorporate by reference the contents of the preceding paragraphs as if fully set forth herein.

87.     Plaintiffs have a reasonable expectation of economic advantage.

88.     Plaintiffs maintained contractual relationships with other New Jersey attorneys and firms, including Mr. Placitella and his firm Cohen, Placitella and Roth.

89.     Through the defamatory statements detailed above, including the false statements to Mr. Placitella on March 31, 2022 and the related false statements including but not limited to those made in May and June of 2022, Defendants have intentionally and maliciously sought to interfere with Plaintiff's prospective economic advantage and future economic gain.

90.     Defendants took these actions without privilege to do so, knowing the effect the actions would have on Plaintiffs' existing business and prospective economic advantage.

91.     As a result of Defendants intentional and malicious interference, Plaintiffs have lost reasonably expected future economic gain.

92.     MLG suffered a loss of approximately thirty (30) to sixty (60) percent in reported gross revenue year over year as a result of Defendants' unlawful conduct.

93.     As a direct and proximate cause of Defendants' actions, Plaintiffs have suffered, and continue to suffer, damages, due to the tarnishing Plaintiffs' reputation within the industry, causing an unquantifiable loss of Plaintiffs' goodwill, and threatening future losses to Plaintiffs' business operations and revenue.

**WHEREFORE**, Plaintiffs demand judgment for the following relief against Defendants for:

  a.   Compensatory and consequential damages of at least $77,000,000;
  b.   Statutory and punitive damages;
  c.   Attorney's fees;
  d.   Prejudgment interest;
  e.   Costs of suit; and
  f.   Any other relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Local Civil Rule 38.1, Plaintiffs hereby demand a trial by jury as to all issues.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify under penalty of perjury that it is true and correct that the matter in controversy is not the subject of any other action or proceeding pending in this or other court or other dispute resolution forum.

**FOX ROTHSCHILD LLP**

*Attorneys for Plaintiffs*
*Carl J. Mayer, Esq. and Mayer Law Group, LLC*

By:     *s/ Jeffrey M. Pollock*
        JEFFREY M. POLLOCK

Dated: July 12, 2023

## CERTIFICATE OF SERVICE

JEFFREY M. POLLOCK hereby certifies, pursuant to Local Civil Rule 5.2.14(b)(1) as follows:

1.      I am above 18 years of age and not a party to this Action.

2.      On July 12, 2023, I caused a copy of Plaintiffs Carl Mayer and Mayer Law Group, LLC's First Amended Complaint to be served on counsel of record for all parties via the Case Management/Electronic Case Filing system.

**FOX ROTHSCHILD LLP**

*Attorneys for Plaintiffs*
*Carl J. Mayer, Esq. and Mayer Law Group, LLC*

By:     *s/ Jeffrey M. Pollock*
        JEFFREY M. POLLOCK

Dated: July 12, 2023